IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GOLDEN CITIES, INC. d/b/a**
**99 BAHN ORIENTAL**
**SUPERMARKET, a New Mexico**
**corporation, and TRI DUC BANH,**
**an individual,**

        **Plaintiffs,**

**v.**                                        **CIV No. 04-274 LH/DJS**

**UNITED STATES OF AMERICA,**
**ANN M. VENEMAN, SECRETARY OF THE**
**DEPARTMENT OF AGRICULTURE,**
**GLORIA T. GUEVARA,**
**Officer in Charge of the Dallas, Texas Field Office,**

        **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

      **THIS MATTER** comes before the Court on the United States' Motion to Dismiss or in the

Alternative for Summary Judgment (Docket No. 13).  The Court, having considered the motion, as

well as all briefs on file, all relevant statutory and case law, and being fully advised in the premises,

concludes that this Court lacks subject matter jurisdiction and that this case shall be **dismissed**.

<u>**Motion to Dismiss Standards**</u>

      Defendants' primary argument is that Plaintiffs failed to file this action in a timely manner

under the relevant statute.  The Court agrees with Defendants that their motion should be evaluated

as a motion to dismiss.[1]  This rule empowers a court to dismiss a complaint for "lack of jurisdiction

---

[1] Defendants alternatively motioned the Court to grant it summary judgment under FED.R.CIV.P. 56.

over the subject matter." Specifically, Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

In analyzing this motion, the Court has reviewed Plaintiffs' Complaint for Judicial Review of Administrative Decision (Docket No. 1), as well as the seven exhibits attached to it. The scope of this review is clearly within the discretion of the Court and within the purview of Rule 12(b)(1). Consideration by the Court of items attached to the Complaint does not convert the motion to a Rule 56 motion. Such exhibits are not considered as "outside the pleadings" under Rule 12 (c), but are made a part of the complaint for all purposes. *See* FED.R.CIV.P. 10(c); *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004).

Furthermore, even items not attached to plaintiff's complaint may be considered when a party makes a Rule 12(b)(1) motion. The party disputing subject matter jurisdiction may rely on affidavits or any other evidence properly before the Court. *New Mexicans for Bill Richardson v. Gonzales,* 64 F.3d 1495, 1499 (10th Cir. 1995); *Holt v United Sates*, 46 F.3d 1000, 1003 (10th Cir. 1995). A court has broad discretion to consider affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). *Id.* at 1003. In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a Rule 56 motion.[2] *Id.* On this basis, the Court has considered Exhibits A, B and C that are attached to Defendants' motion.

---

[2] The Court recognizes that in instances where jurisdictional issues raised in a motion under Rule 12(b)(1) are intertwined with the merits of the case, the motion should be resolved under Rule 56. *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999)(the applicability of the FTCA's discretionary function exception is a jurisdictional question that is intertwined with the merits of the case)(citations omitted). In this case, Defendants' motion is based solely on Plaintiffs' alleged failure to timely file this action under the controlling statute, 7 U.S.C. § 2023. The Court concludes that the facts that are relevant to and dispositive of the motion are not intertwined with the merits of the underlying disqualification of Plaintiffs from the FSP based on charges of trafficking, and that the motion shall be treated as one to dismiss.

2

When a defendant challenges subject matter jurisdiction, the plaintiff, as the party asserting the existence of jurisdiction, bears the burden of establishing jurisdiction.  The burden, however, is not generally a heavy one.  In federal question cases, the party must demonstrate a non-frivolous claim based on federal law, and must meet all other statutory prerequisites for litigating the federal claim, such as exhaustion of administrative remedies and compliance with all claims-filing limitations and requirements.  *See Hart v. Dept. of Labor*, 116 F.3d 1338 (10th Cir. 1997)(analyzing under Rule 12(b)(1) the defense that plaintiff failed to timely claim with proper agency as required by the Federal Tort Claims Act.)

### Findings of Fact

1.  Plaintiff Golden Cities, Inc., conducted business as 99 Banh Oriental Supermarket and was an approved retailer in the Food Stamp Program ("FSP") from September 14, 1993 until January 21, 2003.  Tri Duc Banh is the majority shareholder and president of Gold Cities, Inc..  Complaint, ¶¶ 3, 13, 5.  These parties are the three named Plaintiffs in this action.

2.  On December 19, 2002, the Food and Nutrition Service, United States Department of Agriculture ("FNS") wrote a letter to Plaintiff Banh to notify Plaintiffs that an analysis of the electronic benefit transfer ("EBT") transactions at the 99 Banh Oriental Supermarket from August through October 2002 revealed EBT transactions "that established a clear and repetitive pattern of unusual, irregular, and/or inexplicable FSP activity for your type of firm" and that Plaintiffs were therefore charged with trafficking.  Complaint, ¶ 14;  Ex. 1 to Complaint.

3.  This December 19, 2002 notice was sent by certified mail to Tri Duc Banh, as president of the plaintiff corporation, and gave Plaintiffs ten (10) days following receipt of the notice to

respond.  Complaint ¶ 15.  It stated that it was "important" for Plaintiffs to reply in writing, within ten (10) days of their receipt of the letter.  It informed Plaintiffs that if they failed to respond within ten (10) days of receipt of this letter, that Golden Cities, Inc. would be disqualified from participation in the FSP pursuant to 7 CRF 278.6.   Ex. 1.

    4.  Mr. Banh signed the return receipt for the letter on December 23, 2002.  Ex. A to Mem. in Supp. of Defts'. Mot. to Dism.

    5.  Plaintiffs did not timely respond to the December 19, 2002 letter.  Complaint, ¶ 21.

    6.  On January 16, 2003, FNS sent a second certified letter, again addressed to Mr. Banh as president of the plaintiff corporation.  This letter indicated that Golden Cities, Inc. was being permanently disqualified from FSP participation, and that the authorization to engage in transactions was revoked upon  receipt of the letter.   The letter took note of Plaintiffs' failure to reply to the December 19, 2002 charge letter. As reason for this disqualification, the January 16 letter stated that based on the evidence, Defendants concluded that the previously charged violations did in fact occur at 99 Banh Oriental Supermarket.  This letter notified Plaintiffs that administrative review of the decision could be requested within ten (10) days after receipt of the letter.  Complaint, ¶ 24; Ex. 2.

    7.  Mr. Fang signed the return receipt for the letter on January 21, 2003.

    8.  Plaintiffs filed no request for an administrative review of the disqualification assessment within the requisite ten (10) day period.  Ex. 7.

    9.  On approximately February 5, 2003, FNS terminated the EBT transactions, by disabling Plaintiffs' EBT terminals from accepting food stamp cards any longer.  Complaint, ¶ 26.

    10.  On February 5, 2003, FNS sent a fax, again addressed to Mr. Banh as president of the plaintiff corporation, confirming that Golden Cities, Inc. could no longer participate in the FSP.  Ex.

4

C to Mem. in Supp. of Defts'. Mot. to Dism.

11.   On May 28, 2003, FNS sent a certified letter, again addressed to Mr. Banh as president of the plaintiff corporation, notifying Plaintiffs that FNS was charging them with unauthorized acceptance of EBT food benefits.  Specifically, the charge was that Plaintiffs had accepted $7,099.91 in EBT benefits after the effective date of disqualification for participation in the FSP.  Complaint ¶ 27; Ex. 3.

12.   Plaintiffs' counsel responded to Defendants' correspondence on June 9, 2003, for the first time challenging Defendants' action in disqualifying Plaintiffs from FSP participation. Specifically, Plaintiffs' letter argued that they had not violated any FSP rules or regulations, and that they were not subject to disqualification from accepting benefits under the FSP, because the underlying facts asserted by Defendants were erroneous.  Complaint, ¶ 28;  Ex. 4.

13.   In a certified letter dated July 2, 2003, again addressed to Mr. Banh as president of the plaintiff corporation, FNS found that any challenge to the permanent disqualification decision was untimely.  It concluded that violations of the FSP regulations, as outlined in the charging letter, did in fact occur at 99 Banh Oriental Supermarket, and imposed a fine of $35,299.73.  In addition, this letter imposed a fiscal claim for the loss to the government in the amount of $7,099.91.  It stated that to avoid the imposition of interest that these amounts must be paid within thirty (30) days, and that any future application for authorization by Plaintiffs' firm would be denied.  It stated that this would be a final determination unless Plaintiffs filed a timely written request for review within then (10) days.  Complaint, ¶ 29; Ex.5.

14.   On July 15, 2003, counsel for Plaintiffs wrote a letter to the FNS director of administrative review, seeking a review of the administrative action taken in the above-detailed July 2, 2003 letter,

5

characterizing the appeal as concerning "the withdrawal of authorization to participation, a disqualification from further participation, and ... a fine and fiscal claim for unauthorized acceptance of electronic benefit transfer food benefits." Complaint, ¶ 30; Ex. 6.

15.   On February 6, 2004, administrative review officer Larry D. Rose sent a certified letter to Plaintiffs' counsel, indicating that he had completed his administrative review of the $35,299.73 fine and   $7,099.01 fiscal claim levied against Plaintiffs by FNS.   The letter stated that the administrative review was limited solely to the fine and fiscal claim assessments.  Mr. Rose sustained the fine assessment, but reversed the fiscal claim assessment.   His letter repeatedly stated that the permanent disqualification assessment against Plaintiff was a matter of official record which was wholly outside the scope of authority of the present administrative review.   Further, the letter stated that the agency record shows that although Plaintiffs were informed by the disqualification notice of their right to file a request for an administrative review, that they did not file such a request, and that therefore the disqualification issue was not subject to administrative review.   Mr. Rose notified Plaintiffs that judicial review of his determinations about the fine and fiscal claim assessments could be obtained by filing a complaint against the United States in the appropriate federal court, and that such a complaint must be filed within 30 days after the date of delivery or service upon Plaintiffs of his notice of determination of the administrative review officer.   Ex. 7.

16.   The complaint in this matter was filed on March 11, 2004 (Docket No. 1).

**Legal Discussion**

In this lawsuit, Plaintiffs seek the following relief:   an order setting aside Defendants' withdrawal of Plaintiffs' authorization to accept food stamps, an order continuing such authorization until otherwise provided by law, and an order enjoining Defendants from withdrawing Plaintiffs'

authorization to accept food stamps during the pendency of this action.  Complaint at 8.  Besides costs and attorney fees, this is the only substantive relief that Plaintiffs seek.  In other words, Plaintiffs' Complaint is limited to asking this Court to review by Defendants' decision to withdraw Plaintiffs' authorization to participate in the FSP.  This decision was made on January 16, 2003. (Ex. 2; FOF 6).

The applicable statutory scheme provides that whenever a retail food store  is disqualified from participating in the FSP, that notice of such administrative action shall be issued  and delivered by certified mail or personal service to the retail food store.  7 U.S.C. § 2023(a)(1) and (2).  The statute affords the store ten days from the date of delivery of such notice to file a written request for an opportunity to submit information in support of its position. § 2023(a)(3).  If such a request is not made or if such store fails to submit information in support of its position after filing a request, the administrative determination shall be final. §2023(a)(4).

In this instance, as set forth above, Defendant sent a notice by certified mail on December 19, 2002, stating that it was "important" for Plaintiff to reply to the notice in writing within ten (10) days of its receipt of the letter, and that if Plaintiff failed to respond within ten (10) days, that it would be disqualified from participating in the FSP.  (FOF 3).  Plaintiffs failed to respond within ten (10) days following the December 19, 2002 notice, and accordingly Defendants'  administrative decision to disqualify Plaintiffs from participation in the FSP became "final".  FNS sent the final notice of disqualification on January 16, 2003.  (FOF 6).  Plaintiffs' first response to the final notice of determination was nearly six months later, when they challenged the disqualification on June 9, 2003. (FOF 12).  Again on July 15, 2003, Plaintiffs tried to appeal Defendants' disqualification decision. (FOF 14).  Plaintiffs filed the complaint in this matter in this Court on March 11, 2004 (FOF 16).

Title 7 U.S.C. § 2023 provides for judicial review of administrative determinations under the FSP. A person who is aggrieved by a final determination of the agency "may obtain judicial review thereof by filing a complaint against the United States . . . within 30 days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination. 7 U.S.C. §2023(a)(13). As a sovereign power, the United States may be sued only to the extent that it has consented to suit by statute. *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992). In granting its consent to be sued, the United States may attach such conditions and limitations as it deems proper, and strict compliance with those conditions is an absolute requirement. *See Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). Indeed, waivers of sovereign immunity must be strictly construed in favor of the sovereign, and not enlarged beyond what the language requires. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Under 7 U.S.C. § 2023, the United States has chosen to "conditionally waive its immunity for a limited window of time, the condition being that Program participants file a complaint in the district court challenging the disqualification within thirty days of receipt of the notice of the final determination." *Mendez & DeJesus Grocery Store v. United States Dept. of Agriculture*, 1997 WL 250458 *2 (S.D.N.Y.).

In general, limitations periods for review of agency determinations, such as Section 2023(a), "are 'jurisdictional in nature, and may not be enlarged or altered by the courts.' " *Edison Elec. Institute v. USEPA*, 996 F.2d 326, 331 (D.C. Cir. 1993), *quoting Natural Resources Defense Council v. NRC*, 666 F.2d 595, 602 (D.C.Cir. 1981); *see also*, *Florilli Corp. v. Pena*, 118 F.3d 1212, 1214 (8th Cir. 1997).

It is undisputed that Defendants' decision to disqualify Plaintiffs from FSP participation

became "final," and that Plaintiffs failed to take timely, appropriate action by filing a complaint, requesting the Court to set aside the disqualification decision in the requisite thirty day period under the statute, as required by 7 U.S.C. §2023(a)(13).  This limitation period for the review of Defendants' determinations is jurisdictional.  Given Plaintiffs' failure to comply with this condition and limitation upon the consent of the United States to be sued, there is no subject matter jurisdiction for this lawsuit.

WHEREFORE, for the reasons stated herein, the United States' Motion to Dismiss or in the Alternative for Summary Judgment (Docket No. 13) is **granted, and this case is dismissed in its entirety.**

IT IS SO ORDERED.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

9